

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00010-CR

CHRISTOPHER MICHAEL YAGER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 079319-E-CR, Honorable Douglas R. Woodburn, Presiding

October 3, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Christopher Michael Yager appeals the trial court's judgment memorializing his conviction for murder. His sole issue on appeal concerns whether he was denied his Sixth Amendment right to confront a toxicologist when her testimony from a prior "hearing" was read to the jury. The toxicologist was unavailable to testify due to a death in her family. Appellant not only withheld objection when her testimony was so read but also expressly acquiesced to the procedure. The denial of the right to confront a witness being subject to preservation, *Allison v. State*, 666 S.W.3d 750, 756 n.4 (Tex. Crim. App. 2023);

*Van Anden v. State*, No. 07-16-00180-CR, 2016 Tex. App. LEXIS 13136, at *6 (Tex. App.—Amarillo Dec. 9, 2016, no pet.) (mem. op., not designated for publication), and appellant's having withheld objection, he waived his complaint.[1]  Indeed, it can also be said that he invited the purported error about which he complains.  *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc) ("If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error.").  Thus, we overrule his sole issue and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.

---

[1] We find misplaced appellant's reliance on *Brookhart v. Janis*, 384 U.S. 1 (1966), as support for arguing that trial counsel cannot waive his client's right to confront witnesses.  *Brookhart* dealt with "whether counsel has power to enter a plea which is inconsistent with his client's expressed desire and thereby waive his client's constitutional right to plead not guilty and have a trial in which he can confront and cross-examine the witnesses against him."  *Id.* at 7.  Here, we do not deal with trial counsel's entering a plea inconsistent with the wishes of his client.